RACHEL KREVANS (CA SBN 116421)
RKrevans@mofo.com
WESLEY E. OVERSON (CA SBN 154737)
WOverson@mofo.com
MATTHEW A. CHIVVIS (CA SBN 251325)
MChivvis@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant and Cross-Complainant
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA BERRY CULTIVARS, LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>            Defendants. | Case No.<br><br>**DEFENDANT AND CROSS-COMPLAINANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1454** |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>            Cross-Complainant,<br><br>     v.<br><br>CALIFORNIA BERRY CULTIVARS, LLC, DOUGLAS SHAW, KIRK LARSON,<br><br>            Cross-Defendants. | |

# DEFENDANT AND CROSS-COMPLAINANT
# THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1454, Defendant and Cross-Complainant The Regents of the University of California ("University") hereby removes the above-referenced action filed by Plaintiff and Cross-Defendant California Berry Cultivars ("CBC") from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California. Alameda County is located within the Northern District of California. 28 U.S.C. § 84(a). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. §§ 1446 and 1454. As required by 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for Defendant CBC and filed with the Clerk of the California Superior Court for the County of Alameda. A copy of the Notice being filed in state court is attached hereto (without exhibits) as Exhibit A.

## PROCEDURAL HISTORY

1. On May 2, 2016, CBC filed a Complaint alleging causes of action for breach of contract, conversion, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, and common law unfair competition against the University, which was captioned *California Berry Cultivars, LLC v. The Regents of the University of California,* Case Number RG16813870. A copy of that Complaint is attached hereto as Exhibit B. The Complaint was served on May 4, 2016.

2. On May 2, 2016, CBC also filed an Application for a Temporary Restraining Order and an Order to Show Cause Why a Preliminary Injunction Should Not Issue. A copy of that application is attached hereto as Exhibit C.

3. On May 3, 2016, the University filed and served an Opposition to CBC's Application for a Temporary Restraining Order. This Opposition was served on May 3, 2016, and supplemented on May 5, 2016, as permitted by court order. A copy of that Opposition and supporting declarations is attached hereto as Exhibit D.

4. On May 3, 2016, the Superior Court of the State of California held a hearing on CBC's Application for a Temporary Restraining Order. This Application was continued for a

1  further hearing on May 9, 2016 before another judge.  A copy of the order continuing the hearing
2  is attached hereto as Exhibit E.

3      5. On May 6, 2016, the University filed an Answer to the Complaint.  A copy of the
4  Answer is attached hereto as Exhibit F.

5      6. Also on May 6, 2016, the University filed a Cross-Complaint that pleaded causes
6  of action for a declaratory judgment of ownership over certain intellectual and tangible property
7  rights and for patent infringement, among other causes of action.  A copy of the Cross-Complaint
8  is attached hereto as Exhibit G.

## BASIS FOR AND TIMELINESS OF REMOVAL

10      7. A matter may properly be removed to federal court if the federal court would have
11  had original jurisdiction over the action.  28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482
12  U.S. 386, 392 (1987).  Federal courts have exclusive jurisdiction over patent infringement
13  claims.  28 U.S.C. §§ 1331, 1338.  Moreover, this action is one that may be removed to this
14  Court pursuant to 28 U.S.C. § 1454(a), which provides that "[a] civil action in which ***any party***
15  asserts a claim for relief arising under any Act of Congress relating to patents, plant variety
16  protection, or copyrights may be removed to the district court of the United States for the district
17  and division embracing the place where the action is pending." (Emphasis added.)  Indeed, §
18  1454, which became law as part of the America Invents Act of 2011, was intended to abrogate
19  *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.* by expressly allowing a defendant to
20  remove based on patent infringement counterclaims.  *See* Joe Matal, *A Guide to the Legislative*
21  *History of the America Invents Act: Part II of II*, 21 Fed. Circuit B.J. 539 (2012) (citing H.R. No.
22  112-98, at 81 (2011); Leahy-Smith American Invents Act, § 19, 125 Stat. at 332; 157 Cong. Rec.
23  S1378 (daily ed. Mar. 8, 2011) (statement of Senator Kyl)).

24      8. The University's Cross-Complaint pleads causes of action for a declaratory
25  judgment of ownership over certain intellectual and tangible property rights and for patent
26  infringement, among other causes of action.  Thus, removal is proper under § 1454(a) because a
27  party — the University — asserts claims for relief "arising under any Act of Congress relating to
28  patents."  The University's declaratory relief claims regarding ownership, its other claims, and its

substantive defenses to the CBC's claims, may also necessarily depend on the resolution of substantial questions of federal law regarding, for example, patent assignment, ownership, and implied license.  Given Cross-Complaint defendants' purported transfer to CBC of copyrights regarding germplasm owned by the University, copyright law may also be at issue.

9. The University's removal is timely under § 1446(b)(1), which requires that this Notice be filed within 30 days after the University's receipt of the initial pleading.  This Notice is being filed two days after CBC served its Complaint on the University.

10. This Court has supplemental jurisdiction over all of the other state law claims in this case because they all form part of the same case or controversy.  28 U.S.C. § 1367; *see City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1997).  Both parties' claims concern issues relating to the University's intellectual and tangible property rights in the University's strawberry breeding program germplasm, including the University's patent rights over varieties that comprise the germplasm.  Thus, any state law issues belong to the same common nucleus of facts as the federal question and patent law issues.

## **CONCLUSION**

11. For all of the reasons stated above, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1338 as a civil action arising under any Act of Congress relating to patents.  Accordingly, this action is removable pursuant to 28 U.S.C. § 1454.

WHEREFORE, the University gives notice that the above-described action pending against it in the Superior Court for the County of Alameda is removed to this Court.

Dated: May 6, 2016                    MORRISON & FOERSTER LLP

By:   */s/ Rachel Krevans*
      Rachel Krevans

Attorneys for Defendant
THE REGENTS OF THE UNIVERSITY
OF CALIFORNIA