Rick L. McKnight (State Bar No. 55183)
fmcknight@jonesday.com
Alexis Houle Smith (State Bar No. 274429)
asmith@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071.2300
Telephone:    +1.213.489.3939
Facsimile:    +1.213.243.2539

Greg L. Lippetz (State Bar No. 154228)
glippetz@JonesDay.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone:    +1.650.739.3939
Facsimile:    +1.650.739.3900

Attorneys for Plaintiff
CALIFORNIA BERRY CULTIVARS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **CALIFORNIA BERRY CULTIVARS, LLC,**<br><br>     **Plaintiff,**<br><br>     v.<br><br>**THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,**<br><br>     **Defendant.**<br><br>**AND RELATED CROSS-CLAIMS** | Case No. 3:16-cv-02477-VC<br><br>**PLAINTIFF'S EX PARTE MOTION FOR:**<br><br>**(A) A TEMPORARY RESTRAINING ORDER TO PREVENT DEFENDANT FROM INTERFERING WITH PLAINTIFF'S BREEDING RIGHTS AND FOR PLACING DISPUTED PLANT MATERIAL WITH A THIRD-PARTY GROWER SO THAT THEY CAN GROW INTO BREEDABLE FLOWERING PLANTS; AND**<br><br>**(B) AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff California Berry Cultivars, LLC ("CBC" or "Plaintiff"), by and through its undersigned counsel, will and hereby does bring this Ex Parte Motion, pursuant to Fed. R. Civ. P. 65(b) and Local Rule 65-1, for: (A) a temporary restraining order to prevent Defendant The Regents of the University of California ("Defendant" or "University") from interfering with Plaintiff's breeding rights by placing disputed plant material with a third-party grower so that they can grow into breedable flowering plants; and (B) an order to show cause why a preliminary injunction should not issue pending trial in this action as follows:

1. (A) That Defendant be ordered to turn over within 2 days to a third-party grower, such as Lassen Canyon Nursery or another third-party grower acceptable to the parties ("Escrow Nursery"), at least five viable copies of the frozen plant material for each of the 168 strawberry varieties subject to a patent application, the "Core Strawberry Germplasm"; (B) for the Escrow Nursery to plant and propagate those strawberry varieties in accordance with an Escrow Agreement between Plaintiff and the Escrow Nursery on substantially similar terms as that attached as Exhibit A to the Declaration of Rick McKnight dated May 2, 2016; (C) alternatively, that Defendant be ordered to return promptly to Plaintiff the plant material identified in the December 12, 2013 letter signed by Dr. Shaw and the Department of Plant Sciences Chair Chris van Kessel, as attached to the Declaration of Douglas V. Shaw, dated April 28, 2016, in which the University promised that it would "guarantee the security of" and "protect [the inventor's] commercial and research interests" in the plant material.

2. It is critical that this Court issue a decision no later than May 13, 2016, which would give Defendant two days to turn over the frozen plant material on approximately May 15, 2016. As set forth in the Declaration of Kyle Vandenlangenberg In Support of Plaintiff's Application for a TRO and OSC, it is vital that the plants be turned over to the Escrow Nursery early-to-mid May, so that the Escrow Nursery has time to sort, mark and plant the material well before the planting deadline of June 1, 2016 (*See* Declaration of Kyle Vandenlangenberg, ¶ 7, 9.) If plants do not start to grow in May, there can be no assurance that plants will mature in time to breed the plants, resulting in severe and immeasurable hardships. (*Id.* at ¶ 9.)

    3.      This Motion was fully briefed by the parties in the state court action (captioned, *California Berry Cultivars, LLC, v. The Regents of The University of California*, Superior Court of Alameda County, Case No. RG16813870, (the "State Action")) as of May 6, 2016, when Defendant filed removal papers.  This Motion is based upon the Application for a Temporary Restraining Order and Order to Show Cause (attached as Exhibit 1), the Memorandum of Points and Authorities in Support of the Application (attached as Exhibit 2), the Reply Memorandum of Points and Authorities in Support of the Application (attached as Exhibit 3), the Declarations in Support of the Application (attached as Exhibit 4), the Verified Complaint (attached as Exhibit 5), and any oral testimony or other evidence that may be presented at the hearing on this Motion.  Defendant was provided the opportunity to respond to Plaintiff's Application on two occasions in the State Action (on May 3, 2016 and on May 5, 2016), and Defendant's Opposition, Revised Opposition, and related Declarations in Support of Defendant's Opposition are attached as Exhibit 6.

    4.      As set forth more fully in the Memorandum of Points and Authorities in Support of the Application, this Motion is made on the grounds that:  the Core Strawberry Germplasm are plants in the exclusive custody of the Defendant that were invented by two breeders who assigned their rights to Plaintiff CBC.  Plaintiff seeks to obtain a license for these plants to breed new strawberry varieties for California growers to grow and sell.  There is a dispute over whether Defendant is obligated by law and contract to license these strawberry cultivars.

    5.      This Motion does not seek a resolution of those issues, but merely seeks to preserve in the hands of a third-party five copies of each of the plants for the May 2016 planting season.  If the plant material is preserved as requested, then this Court's power to resolve the underlying issues is preserved without harm or risk to Defendant.  The underlying issues, which do not need to be reached in resolving this Motion, are based on the following grounds:  (a) Defendant entered into a written contract that obliges Defendant to license the Core Strawberry Germplasm to Plaintiff; (b) Defendant has not been assigned any patent rights in the Core Strawberry Germplasm because Defendant breached its contracts; (c) Defendant improperly converted Plaintiff's Plant Material (as defined in paragraph 24 of the Verified Complaint) and

promised that it would "guarantee the security of this material" and "protect [the] commercial and research interests" of Plaintiff, but now refuses to return the material; (d) Defendant breached its fiduciary duty to preserve the Plant Material and to allow Plaintiff access to the Plant Material; (e) Defendant is improperly refusing to license the Core Strawberry Germplasm and refusing to allow Plaintiff access to the Core Strawberry Germplasm and the Transition Cultivars in order to unfairly restrain competition; (f) all of the disputed Core Strawberry Germplasm was invented by Drs. Shaw and Larson, who paid $9,000,000 to fund the research resulting in the new varieties. In turn, they assigned their rights to Plaintiff.

6. If this Motion is not granted Plaintiff will suffer immediate and irreparable injury because: (i) the planting season for propagating the Plant Material – May 2016 -- will be lost; (ii) testing, breeding, and commercialization efforts will be delayed at least a year; (iii) pecuniary compensation would not afford adequate relief; and (iv) it would be impossible to ascertain the amount of compensation which would afford Plaintiff adequate relief.  If this Motion is granted, Defendants will not suffer harm or prejudice as copies of all the plant material will be retained by the University for its use; the few copies of plant material given to the Escrow Nursery will be replaced and multiplied four-fold in accordance with the terms of the Proposed Escrow Agreement; and the disputed rights to the material will not be decided, but the issue preserved until resolved by this Court.

7. Plaintiff respectfully requests that this Court grant this Motion, and Plaintiff is prepared to appear before the Court for any hearing the Court may wish to hold regarding this Motion.

Dated: May 9, 2016

Respectfully submitted,

Jones Day

By: */s/ Gregory L. Lippetz*
   Gregory L. Lippetz

Counsel for Plaintiff
CALIFORNIA BERRY CULTIVARS, LLC