Rick L. McKnight (State Bar No. 55183)
fmcknight@jonesday.com
Alexis Adian Smith (State Bar No. 274429)
asmith@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071.2300
Telephone:     +1.213.489.3939
Facsimile:     +1.213.243.2539

Greg L. Lippetz (State Bar No. 154228)
glippetz@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone:     +1.650.739.3939
Facsimile:     +1.650.739.3900

Attorneys for Plaintiff and Cross-Defendant, California Berry Cultivars, LLC and Cross-Defendants Douglas Shaw and Kirk Larson

Rachel Krevans (State Bar No. 116421)
RKrevans@mofo.com
Wesley E. Overson (State Bar No. 154737)
WOverson@mofo.com
Matthew A. Chivvis (State Bar No. 251325)
MChivvis@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant and Cross-Complainant, The Regents of the University of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CALIFORNIA BERRY CULTIVARS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>    Defendant.<br> | **Case No. 3:16-CV-02477-VC**<br><br>[~~PROPOSED~~] **STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>    Cross-Complainant,<br><br>    v.<br><br>CALIFORNIA BERRY CULTIVARS, LLC, DOUGLAS SHAW, AND KIRK LARSON,<br><br>    Cross-Defendants. | |

**1.   PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information and any other applicable orders and rules.

**2.   COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**3.   LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or will have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**4.   PRESERVATION AND PRODUCTION**

The parties have discussed their preservation obligations and needs, and they agree that preservation of potentially relevant ESI will be reasonable and proportionate.  A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost shifting determinations.

**5.   SEARCH**

Absent a showing of good cause, email production requests shall be limited to five (5) custodians per producing party.  Plaintiff and counter-claim defendants believe there may be a need for email production from more than five custodians from Defendants, but will make the showing of good cause when and if this need arises. The email production requests shall identify the custodian by name, search terms, and specific date range for the search of the proposed responsive ESI. Each requesting party shall limit its email production requests to a total of five (5) search terms per custodian per producing party.  The search terms shall be narrowly tailored to

1  particular issues. Indiscriminate terms, such as the producing company's name or its product
2  name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce
3  the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g.,
4  "computer" and "system") narrows the search and shall count as a single search term. A
5  disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the
6  search, and thus each word or phrase shall count as a separate search term unless they are variants
7  of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged
8  to limit the production and shall be considered when determining whether to shift costs for
9  disproportionate discovery.

10 **6.     PRODUCTION FORMAT**

11 **A.     General Production Format**

12  The parties agree to produce documents in single-page, black and white Group IV. tiff
13  images of at least 300 dpi format, with database image load files (.opt, .dii, .lfp, and .lst files) that
14  denote document breaks.  Electronic files shall be produced with document-level extracted text,
15  and scanned documents shall be produced with OCR.  If particular documents warrant a different
16  format, the parties will cooperate to arrange for the mutually acceptable production of such
17  documents.  Excel files and other spreadsheet files will be produced as native files.  Native files
18  of ESI may also be produced at the producing party's discretion when reasonably necessary to
19  make the information contained therein accessible or upon reasonable request of the requesting
20  party.  To the extent either party believes, on a case-by-case basis, that documents should be
21  produced in an alternative format (e.g., in color), the parties have agreed that they will meet and
22  confer in good faith concerning such alternative production arrangements.

23 **B.     Metadata**

24  All productions shall include a .DAT file that contains the following metadata field:
25  BegBates, EndBates, BegAttach, EndAttach, NativeLink, AttachNum, Pagecount, TextPath,
26  Filename, Custodian (or physical location if no custodian), and Docextension.
27  Email productions shall include a .DAT file that contains the following metadata fields:
28  BegBates, EndBates, BegAttach, EndAttach, NativeLink, AttachNum, Pagecount, TextPath,

1  Filename, To, From, CC, BCC, Email_Subject, Date_Sent, and Docextension.

2      To the extent either party believes, on a case-by-case basis, that certain types of metadata should or should not be produced, the parties have agreed that they will meet and confer in good faith concerning such alternative production arrangements.

**7. DOCUMENTS PROTECTED FROM DISCOVERY**

a)  Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of a privileged or work-product-protected document in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b)  Communications with counsel for a party regarding this case that post-date the filing of the complaint need not be placed on a privilege log.

**8. MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

IT IS SO STIPULATED, through Counsel of Record.

Dated: September 13, 2016    JONES DAY

By: */s/ Greg L. Lippetz*
    Greg L. Lippetz

Attorneys for Plaintiff and Cross-Defendant
CALIFORNIA BERRY CULTIVARS, LLC
and for Cross-Defendants DOUGLAS SHAW
and KIRK LARSON

Dated: September 13, 2016    MORRISON & FOERSTER LLP

By: */s/ Matthew A. Chivvis*
    Matthew A. Chivvis

Attorneys for Defendant and Cross-Complainant
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

[Proposed] Stipulated Order Re Discovery of Electronically Stored Information
Case No. 3:16-cv-02477-VC

- 4 -

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from all other signatories listed and on whose behalf this filing is submitted.

Dated: September 13, 2016                             JONES DAY

                                                      By: */s/ Greg L. Lippetz*
                                                            Greg L. Lippetz

                                                      Attorneys for Plaintiff and Cross-Defendant
                                                      CALIFORNIA BERRY CULTIVARS, LLC
                                                      and for Cross-Defendants DOUGLAS SHAW
                                                      and KIRK LARSON

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: 9/14/16

                                                      _____
                                                      HONORABLE VINCE CHHABRIA
                                                      U.S. DISTRICT COURT JUDGE