UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA BERRY CULTIVARS, LLC, et al.,<br><br>　　　　Defendants. | Case No.  16-cv-02477-VC<br><br>**ORDER ON MOTIONS IN LIMINE AND MOTIONS TO EXCLUDE** |
| CALIFORNIA BERRY CULTIVARS, LLC,<br><br>　　　　Cross-Complainant,<br><br>　　v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>　　　　Cross-Defendant. | |

　　In advance of the pretrial conference, the Court issues the following rulings on the motions in limine and motions to exclude.

　　As to UC's motions in limine:

1. UC's motion in limine 1 is granted with respect to the 1997 Shaw litigation and denied with respect to the Strawberry Commission litigation.  Evidence about the Strawberry Commission litigation is relevant to CBC's claim for breach of the implied covenant.  This ruling is final; the Court will not hear further argument on it

at the pretrial conference.  (Of course, all rulings on motions in limine can be affected by how the evidence comes in.)

2. UC's motion in limine 2 is denied to the extent CBC can show that others were performing benchmarking or importing seeds from patented plants openly and without authorization.  CBC should be prepared to make an offer of proof regarding the evidence of third-party conduct it intends to introduce that conforms to the conditions above.  Otherwise, this ruling is final and the Court will not hear further argument at the pretrial conference.

3. UC's motion in limine 3 is denied as to evidence regarding UC's decision to shut down the Breeding Program.  This aspect of the ruling is final.  The motion is tentatively granted as to evidence of UC's breeding and research activities, destruction of cultivars, and the health of the plants in the program.  The Court will hear argument on this aspect of the motion.

4. As to UC's motion in limine 4:
    a. The motion is tentatively denied with respect to the request to exclude Goodfellow and Deines's allegedly new opinions.
    b. The motion is tentatively granted with respect to the request to exclude Nolte's opinion, for the reasons discussed below regarding UC's motion in limine 6 and UC's motion to exclude.  CBC has not explained how it could have been damaged in light of the Court's ruling on the cross motions for summary judgment.
    c. The motion is tentatively denied as to Shaw and Westwood's testimony.

5. UC's motion in limine 5 is denied to the extent UC is requesting anything more than a jury instruction which explains that International Semillas and Javier Cano violated court orders to produce information, and that the jury may draw inferences based on these violations.  This ruling is final.

6. UC's motion in limine 6 is tentatively granted because the Court is not persuaded that

CBC possesses any "intellectual property right" in the Transition Cultivars, or, assuming there is such a right, that UC has interfered with it. Nor has CBC included these claims in its complaint.

As to CBC's motions in limine:

1. CBC's motion in limine 1 is tentatively denied for the reasons stated above regarding UC's motion in limine 6.
2. CBC's motion in limine 2 is denied. The Court has ruled as a matter of law that the breach occurred in June. CBC forfeited any argument that Shaw and Larson could not have breached the agreement until September by not making that argument at summary judgment. In any event, the record is clear that, as of June 2014, Shaw and Larson were refusing to assign their rights irrespective of the form or content of UC's proposed assignment agreement, and it is their refusal that is the breach of contract. This ruling is final.
3. CBC's motion in limine 3 is denied. This ruling is final.
4. CBC's motion in limine 4 is granted in part and denied in part. The Court agrees that, to prove infringement, UC must demonstrate that the seeds CBC imported came from a patented "mother" plant. The jury will be instructed that it can draw an inference about the number of patented mother plants used in CBC's 2014 cross plan (and the number of imported seeds that came off those plants) based on all the evidence, including the other crossing plans, and the discovery abuses in this case. This ruling is final.

As to the motions to exclude:

UC's motion to exclude the Goodfellow and Deines testimony is denied. This ruling is final.

UC's motion to exclude Nolte's testimony is tentatively granted. In light of the summary

3

judgment ruling (and through no fault of Nolte), the Nolte damages opinion assumes a case so different from the one to be presented to the jury that the opinion appears to have been rendered useless.  This is particularly true in light of the Court's tentative conclusion regarding UC's motion in limine 6.

CBC's motion to exclude the portion of the Distler testimony relating to pre-trial damages that should be awarded assuming a full injunction against CBC is tentatively granted.  With respect to CBC's motion to exclude the portion of the Distler testimony relating to future damages that should be awarded in the absence of a full injunction, the Court is undecided.

Overall, the Court is concerned about the ability of the parties to put on their cases regarding damages in light of the case's current posture.  The Court is also concerned about the efficiency and manageability of requiring the jury to ascertain damages under the various scenarios posited by UC's expert, all of which could potentially be mooted by injunctive relief. The parties are instructed to consider whether these concerns could be addressed by allowing the litigation to proceed in phases or through some other procedural mechanism.  (For example, conducting the litigation in three phases, with the first being a jury trial on liability, the second being a bench trial or argument on equitable claims and equitable relief, and the third being a separate jury trial on damages.)

**IT IS SO ORDERED.**

Dated:  May 8, 2017

_____
VINCE CHHABRIA
United States District Judge