UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>              Plaintiff,<br><br>      v.<br><br>CALIFORNIA BERRY CULTIVARS, LLC, et al.,<br><br>              Defendants.<br><br>CALIFORNIA BERRY CULTIVARS, LLC,<br><br>              Cross-Complainant,<br><br>      v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>              Cross-Defendant. | Case No.  16-cv-02477-VC<br><br>**ORDER REQUESTING SUPPLEMENTAL BRIEFING** |

In advance of the hearing on July 6, the Court requests letter briefs from the parties responding to the following:

1.  Who determines whether the defendants' conversion constituted "conscious wrongdoing" for purposes of restitution?  May the Court do so, or should UC have requested that the jury reach a verdict on this question?  If the latter, must the Court assume that there was no conscious wrongdoing?

2.  With respect to the remedy for conversion, it seems clearly inequitable for CBC to keep all progeny of unreleased varieties, as CBC is requesting.  However, there is at least an

argument that it would also be inequitable to award UC all progeny of unreleased varieties. Because UC did not make adequate preparations to continue the breeding program when Shaw and Larson were retiring, it initially was not in a position to develop the plants in the way CBC has done (even though UC now appears to be in a position to do so going forward). Moreover, if UC had been more vigilant in its oversight of the breeding program at Davis, more responsible in establishing and communicating its right to the strawberry plants, and more decisive on whether the program should continue, this litigation likely never would have arisen. Therefore, the remedy UC seeks could reward an undeserving plaintiff by putting it in a better position than if the conversion had never occurred, allowing UC to benefit from its own negligence and from the investment made by CBC in development of the plants. Under these circumstances, does the law give the Court discretion to require CBC to return only some percentage of the progeny of unreleased varieties rather than all of them? In their letter briefs, the parties should assume the Court is correct in its assessment of UC's conduct and should limit themselves to discussing whether such a remedy would be within the Court's equitable discretion; they should save for oral argument any discussion of whether the Court's assessment of UC's conduct is in fact correct and whether the Court should in fact exercise its discretion in this way.

      Letter briefs are due Monday, July 3 and should be no more than 2 pages, single-spaced.

**IT IS SO ORDERED.**

Dated: June 29, 2017

_____
VINCE CHHABRIA
United States District Judge