UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA BERRY CULTIVARS, LLC, et al.,<br><br>　　　　Defendants.<br><br>CALIFORNIA BERRY CULTIVARS, LLC,<br><br>　　　　Cross-Complainant,<br><br>　　v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>　　　　Cross-Defendant. | Case No. 16-cv-02477-VC<br><br>**ORDER DENYING IN PART CBC'S MOTION FOR JUDGMENT AS A MATTER OF LAW AND MOTION FOR NEW TRIAL**<br><br>Re: Dkt. No. 355 |

　　1.　　Substantial evidence supports the jury's verdict that Larson converted UC's books and records regarding the Strawberry Breeding Program. *See, e.g.*, TX 288; Jury Trial Tr. 798:5-19. Therefore, CBC's motion for judgment as a matter of law and motion for new trial is denied with respect to this claim.

　　2.　　Substantial evidence supports the jury's verdict that Larson converted UC's unreleased varieties. *See, e.g.*, TX 85, 153, 176, 201; Jury Trial Tr. 431:1-5. Therefore, CBC's motion for judgment as a matter of law and motion for new trial is denied with respect to this

claim.

      3.      Substantial evidence supports the jury's verdict that Larson knowingly acted against UC's interest when he engaged in CBC activities.  *See, e.g.*, TX 55, 61, 85, 94, 123, 133, 172.  Therefore, CBC's motion for judgment as a matter of law and motion for new trial is denied with respect to the claims against Larson for breach of fiduciary duty and duty of loyalty.

      4.      With respect to the claim against CBC for intentional interference with Shaw and Larson's Patent Agreements, substantial evidence supports the jury's verdict that UC was harmed as a result of CBC's interference.  *See, e.g.*, TX 123, 231, 546; Jury Trial Tr. 659-60; 798-99.  Therefore, CBC's motion for judgment as a matter of law and motion for new trial is denied with respect to this claim.

      5.      With respect to patent infringement, substantial evidence supports the jury's verdict that CBC, Shaw, and Larson imported and/or used the seeds and that the infringement was willful.  *See, e.g.*, TX 153, 168, 247, 542; Dkt. No. 304-2 (Pellicer Depo. 37-38); Dkt. No. 314-1 (Vandenlangenberg Depo. 162, 219-20).  However, the Court will hear argument on the effect of *Lexmark* on the patent infringement claims.

      **IT IS SO ORDERED.**

Dated:  July 5, 2017

_____
VINCE CHHABRIA
United States District Judge